IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:25-CV-00346-NYW-KAS

VENUS WRIGLEY,

Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

---

**DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT ON ALL CLAIMS**

---

DEFENDANT, State Farm Fire and Casualty Company, by and through its attorneys, Patterson Ripplinger, P.C., hereby moves for summary judgment on all of Plaintiff's claims and in support states:

**INTRODUCTION**

In this insurance-coverage and bad-faith action, the only property damage at issue, as alleged in the Complaint, is for foundation repairs and stabilization.  Plaintiff claims her contractors disagreed with an expert retained by State Farm regarding the techniques and cost of repairs to Plaintiff's foundation. Plaintiff has not disputed that the damages to her foundation and the resulting damages to the interior finishes of the structure from settlement and earth movement are not covered. Plaintiff claims that pipe froze and burst in her crawlspace, flooding the ground below. This caused expansion of the soil, and allegedly led to the expansion or movement of the foundation under Plaintiff's home. This alleged movement supposedly caused the cracking complained of by Plaintiff. Putting aside causation questions, the claimed damage is not covered under the applicable

1

insurance policy Plaintiff entered into with State Farm. State Farm investigated Plaintiff's insurance claim and determined that at least two policy provisions clearly excluded coverage for the damage claimed: (i) the earth movement exclusion and (ii) the settling exclusion. State Farm issued a letter setting forth its coverage denial. State Farm retained an engineer who confirmed the earth movement and related damages, and State Farm maintained its denial of coverage. Plaintiff also alleges she was owed additional living expenses, but has not produced any evidence that further amounts were covered or owed. Then Plaintiff filed this action for breach of contract, and statutory and common law bad faith. State Farm now moves for summary judgment on all of Plaintiff's claims.

The Court should grant this motion, rule that State Farm's policy does not cover Plaintiff's claim, and dismiss Plaintiff's complaint for two reasons. First, Plaintiff's alleged damage falls squarely under two of the policy's exclusions for settling foundations and damages caused by earth movement, regardless of the cause of such movement and regardless of whether it was combined with water.

1

This District and Circuit have analyzed materially identical exclusions under materially identical facts and have found no coverage to exist. Second, Plaintiff's bad faith claims similarly fail because there is no coverage under the subject policy and because State Farm reasonably denied Plaintiff's claim. The Court should grant this motion.

## STATEMENT OF UNDISPUTED FACTS ("FACTS")

**I. THE INSURANCE POLICY**

2

1.      State Farm's insurance policy no. 06-ER-U821-9 provides coverage, subject to its

terms, conditions, and exclusions, for Plaintiff's real property located at 3151 West 65th

Avenue, Denver, Colorado 80221  ("Policy"). (Ex. 1, Policy; ECF No. 32 at 7, Undisputed

Facts ¶¶ 1-2.)

2.      The Policy states in pertinent part:

> SECTION I – LOSSES INSURED
> COVERAGE A – DWELLING
> **We** will pay for accidental direct physical loss to the property described in
> Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES
> NOT INSURED** or otherwise excluded or limited in this policy.

(Ex. 1, 88F-002053).

3.      The Policy further states in pertinent part:

> **SECTION I – LOSSES NOT INSURED**
> 1. **We** will not pay for any loss to the property described in Coverage A that
> consists of, or is directly and immediately caused by, one or more of the
> perils listed in items a. through m. below, regardless of whether the loss
> occurs abruptly or gradually, involves isolated or widespread damage,
> arises from natural or external forces, or occurs as a result of any
> combination of these: . . .
>     c. freezing, thawing, pressure, or weight of water, ice, snow, or sleet,
>     whether driven by wind or not, to a: . . .
>         (6) foundation (including slabs, basement walls, crawl space
>         walls, and footings); . . .
>     k. settling, cracking, shrinking, bulging, or expansion of pavements,
>     patios, foundations (including slabs, basement walls, crawl space walls,
>     and footings), walls, floors, roofs, or ceilings; . . .
> However, we will pay for any resulting loss from items a. through l. unless
> the resulting loss is itself a Loss Not Insured as described in this Section.

(*Id*. at 88F-002056 to 2057 ("settling exclusion").)

4.      The Policy also states under the same section:

> 2. **We** will not pay for, under any part of this policy, any loss that would not
> have occurred in the absence of one or more of the following excluded
> events. **We** will not pay for such loss regardless of: (a) the cause of the
> excluded event; or (b) other causes of the loss; or (c) whether other causes
> acted concurrently or in any sequence with the excluded event to produce

3

the loss; or (d) whether the event occurs abruptly or gradually, involves isolated or widespread damage, occurs on or off the *residence premises*, arises from any natural or external forces, or occurs as a result of any combination of these: . . .

    b. **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water, sewage, or any material carried by, or otherwise moved by the earth. Earth movement includes but is not limited to:

        (1) earthquake;

        (2) landslide, mudslide, or mudflow;

        (3) sinkhole or subsidence;

        (4) movement resulting from:

        (a) improper compaction;

        (b) site selection;

        (c) natural resource extraction activities; or

        (d) excavation;

        (5) erosion;

        (6) pressure by surface or subsurface earth or fill; or

        (7) any volcanic activity, except as specifically provided in **SECTION I – ADDITIONAL COVERAGES**, **Volcanic Action**.

    However, *we* will pay for any accidental direct physical loss by fire resulting from earth movement, provided the resulting fire loss is itself a *loss insured*.

(*Id*. at 88F-002058 ("earth movement exclusion").)

## II. PLAINTIFF MAKES AN INSURANCE CLAIM TO STATE FARM

5.     Plaintiff owns the subject property located at 3151 West 65th Avenue, Denver, Colorado 80221 ("Property"). (ECF No. 32 at 7, Undisputed Facts ¶¶ 1-2.)

6.     On or about December 24, 2022, Plaintiff discovered that " a waterline in the crawl space of the home froze and burst" at the Property. (Pl.'s Compl., ECF No. 19 ¶ 7.)

7.     On or around December 29, 2022, Plaintiff reported the loss to State Farm and that she discovered there was no running water in the home, she found water in the crawlspace below the home, and she could not see any water damage throughout the interior of the house. (Ex. 2, Claim Notes at 88F-000074 to 75).

8.      On January 8, 2023, State Farm inspected the loss with Plaintiff and confirmed the burst pipe was located in the crawlspace and observed water damage only inside the crawlspace. (Ex. 2, Claim Notes at 88F-000071 to 72).

9.      Plaintiff had a plumber and mitigation company repair the pipe and dry the crawlspace. (Ex. 2, Claim Notes at 88F-000072.)

10.     No water-related damage to interior finishes of the Property were observed, and State Farm advised Plaintiff that cracking damages throughout the interior finishes caused by earth movement and settlement were not covered. Ex. 2, Claim Notes at 88F-000072).

11.     On January 12, 2023, State Farm sent Plaintiff a partial denial letter for damages caused by earth movement and settlement. (Ex. 3, State Farm letter, 88F-000584 to 86.)

12.     On March 2, 2023, State Farm received an email from Plaintiff with a "Crawlspace Investigation Report" prepared by a contractor and recommending evaluation by a structural engineer. (Ex. 4, email, 88F-001247, 001258).

13.     On March 13, 2023, State Farm sent Plaintiff a reservation of rights letter reiterating its coverage concerns and citing the Policy's settlement exclusion and earth movement exclusion. (Ex. 5, State Farm letter, 88F-000736 to 739.)

14.     State Farm retained engineers at Envista Forensics who inspected the Property and authored a report dated April 11, 2023. (Ex. 6, Envista Report at 88F-001613 to 1660). The report included the following conclusions:

> 1. Non-uniform movement of the soils was long-term and attributable to fluctuations in the soil moisture content from variations in rainfall.
> 2. The non-uniform movement of the soils was exacerbated by the excessive water exposure following the frozen pipe event.
> 3 The drywall cracks and separations throughout the residence's interior were consistent with ongoing non-uniform movement of soils underlying the

foundation, and subsequent differential foundation movement due to interior moisture exposure from the pipe freeze event.

(Ex. 6, at 88F-001615).

15.    State Farm received a supplemental report from Envista on June 27, 2023 providing additional clarification. Ex. 7, 88F-001684 to1687). While the reports discussed long-term movement and movement caused by the recent flooding, both reports attribute foundation damage and interior cracking in the home to soils related movement. Ex. 6 and 7.[1]

## ARGUMENT

"An insurance policy is a contract which should be interpreted consistently with the well settled principles of contractual interpretation." *Chacon v. Am. Family Mut. Ins. Co.*, 788 P.2d 748, 750 (Colo. 1990). An insurance policy's words "should be given their plain and ordinary meaning unless the intent of the parties, as expressed in the contract, indicates that an alternative interpretation is intended." *Id.* "Courts should not rewrite insurance policy provisions that are clear and unambiguous." *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999). Further, courts "may neither add provisions to extend coverage beyond that contracted for, nor delete provisions to limit coverage." *Arkansas Valley Drilling, Inc. v. Cont'l W. Ins. Co.*, 703 F. Supp. 2d 1232, 1237 (D. Colo. 2010). When an insurer "seeks to limit or exclude coverage under the terms of an insurance policy, the insurer bears the burden [of] proving that a particular loss falls within an exclusion in the contract." *Id.*; see also *Colo. Intergovernmental Risk Sharing Agency v. Northfield Ins. Co.*, 207 P.3d 839, 842 (Colo. App. 2008). "If a limitation or exclusion in

---

[1] Plaintiff has not endorsed any experts in this case, and has not disclosed any reports from any qualified experts contradicting or questioning the findings of Envista.

6

an insurance contract is unambiguous, then that limitation or exclusion must be enforced."

*Id.*

### I.    PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW

Plaintiff has the burden to establish that State Farm breached the insurance policy when it denied her Claim. To do so, she must "establish that her loss was covered by the insurance contract." *Wagner v. Am. Fam. Ins*., 968 F. Supp. 2d 1100, 1104 (D. Colo. 2013), *aff'd sub nom*. *Wagner v. Am. Fam. Mut. Ins. Co*., 569 F. App'x 574 (10th Cir. 2014). Plaintiff cannot show that here because two exclusions in the Policy preclude coverage for her Claim for foundation damage/repairs under the undisputed facts: (i) the earth movement exclusion and (ii) the settling exclusion. (Facts ¶¶ 1-4).

### A.    PLAINTIFF'S ALLEGED DAMAGES FOR FOUNDATION REPAIRS FALL SQUARELY WITHIN THE EARTH MOVEMENT AND SETTLEMENT EXCLUSIONS OF THE POLICY.

Under the undisputed facts, Plaintiff's own contentions in her pleadings, and the plain language of the Policy, there is no coverage for Plaintiff's alleged property damage. Courts around the country, and including in this District and Circuit, have analyzed materially identical earth movement exclusions under the same material facts as above— i.e., alleged plumbing leaks that caused earth movement. In each of those cases, the courts found the earth movement exclusion barred coverage for the claims.

In *Wagner v. American Family Mutual Insurance Co.,* the Tenth Circuit affirmed the insurer's coverage denial based on the policy's earth movement exclusion where "water from the leaking pipe eroded the soil underneath [the insured's] home, causing settlement and cracking of the slab, which, in turn, caused drywall and flooring panels to crack." 569 F. App'x 574, 575–76 (10th Cir. 2014). American Family's policy excluded

"loss consisting of, or caused directly or indirectly by" earth movement, "meaning any loss caused by, resulting from, contributed to or aggravated by . . . subsidence, sinkhole, erosion, mudflow, earth sinking, rising, shifting, expanding or contracting." *Id.* at 577. Such loss was excluded "regardless of any other cause or event contributing concurrently or in any sequence to the loss" and the exclusion applied "whether or not the earth movement is combined with water or rain." *Id.*

The Tenth Circuit in *Wagner* held that "[t]he damage here comes squarely under the earth movement exclusion." *Id.* at 579. As Chief Judge Krieger explained further, the policy "excludes coverage for losses directly caused by earth movement—e.g. the collapse of the entire dwelling caused by an earthquake—as well as losses indirectly caused by earth movement—e.g. damage to walls or joints caused by one side of the foundation sinking, which is in turn caused by earth movement." *Wagner*, 968 F. Supp. 2d at 1105. The losses claimed by the insured, including "damage to the drywall, flooring, and slab—were indirectly caused by the movement of the slab due to erosion of the soil beneath it, which resulted from the leaking pipe below the slab." *Id.* "Thus, the 'earth movement' exclusion excludes coverage for the loss." *Id.*

Judge Blackburn reached the same result in *Arkansas Valley Drilling, Inc. v. Continental Western Insurance Co.*, 703 F. Supp. 2d 1232 (D. Colo. 2010). There, the insured's loss "occurred when an underground water pipe ruptured, causing sinking and heaving of the concrete slab-on-grade floor at the property." *Id.* at 1235. Continental's policy excluded damage "caused directly or indirectly by . . . earth movement," including "rising or shifting soil conditions which cause settling, cracking or other disarrangement of foundations . . . [and] [s]oil conditions" that "include contraction, expansion, freezing,

8

thawing, erosion, improperly compacted soil and the action of water under the ground surface." *Id.* at 1236. "Such loss or damage is excluded regardless of any other causes or event that contributes concurrently or in any sequence to the loss." *Id.* This Court concluded: "The plain meaning of the provisions of the Policy, quoted above, excludes coverage for losses caused by such movements of the earth." *Id*. at 1242. This is so "even if the rupture of the frozen indoor water pipe was the initial or a concurrent event that contributed to the earth movement" because of "the plain meaning of the language of the concurrent or sequential cause provision" quoted above. *Id*.

The Tenth Circuit reiterated this straightforward conclusion in *Naabani Twin Stars, LLC v. St. Paul Fire & Marine Insurance Co*., when it affirmed summary judgment for the insurer where the policy's earth movement exclusion precluded coverage for the insured's building damage that occurred when "water from [a] burst pipe caused soil compression and settlement, which in turn caused the damage to the building—cracks in the floor, buckling of the exterior, breaking of sheetrock, the inability to close and open doors, significant distortions of the structural frame, broken welds in the steel framing, and pressure on the fire suppression lines[.]" No. 20-2168, 2021 WL 4737119, at *1 (10th Cir. Oct. 12, 2021) (applying New Mexico law).

The District of Kansas found the same in *Miller v. Great American Insurance Co*., 601 F. Supp. 3d 953, 963 (D. Kan. 2022), under an earth movement exclusion materially identical to the one here. There, the plaintiff's "factual contentions in the Pretrial Order conceded that 'earth movement' caused the claimed damage" when he asserted that "the water line break caused water to run 'down into the subsoil beneath the basement floor slab, causing movement of the slab, foundation walls, multiple story panels resulting in

cracks in the interior walls, foundation heaving of the floor and other damage[.]" *Id*. at 964. The policy's earth movement exclusion "preclude[d] coverage for claimed damages caused by shifting soil—even when water or plumbing leaks cause the shifting soil." *Id*.

This is the rule for earth movement exclusions across multiple jurisdictions. *See Davis-Travis v. State Farm Fire & Cas. Co*., 336 F. App'x 770, 774 (10th Cir. 2009) (affirming summary judgment for insurer where "the earth supporting the slab [in plaintiff's home] expanded and contracted, as a result of water, from whatever the source, and caused settlement damage" because "[c]overage for this damage was unambiguously excluded by the [insurance policy's] earth movement clause"); *State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042, 1044 (Alaska 1996) (finding the policy "excluded from coverage any loss resulting from earth movement, regardless of the cause of the earth movement, and regardless of whether a non-excluded risk acted 'concurrently or in any sequence with' earth movement"); *Alf v. State Farm Fire & Casualty Co*., 850 P.2d 1272, 1275 (Utah 1993) (finding no coverage where the "main waterline into the insureds' home ruptured, causing extensive flooding and erosion" because "coverage for damage resulting from earth movement [is excluded], despite the fact that the cause of the earth movement is a covered peril"); *Village Inn Apartments v. State Farm Fire & Cas. Co*., 790 P.2d 581, 583 (Utah App. 1990) ("Since the exclusion is for earth movement loss from any cause, we can only conclude earth movement encompasses both natural and human processes."); *Boteler v. State Farm Cas. Ins. Co*., 876 So. 2d 1067, 1069 (Miss. Ct. App. 2004) (analyzing substantially identical earth movement exclusion and holding it was unambiguous and barred plaintiff's claim, noting the exclusion "makes the cause of the movement irrelevant"); *Chase v. State Farm Fire & Cas. Co*., 780 A.2d 1123, 1125–26

(D.C. 2001) (analyzing substantially identical exclusion and holding it barred coverage for plaintiff's claim after her "home collapsed after a water overflow from a burst pipe caused the movement of soil beneath the foundation of the house"); *Alamia v. Nationwide Mut. Fire Ins. Co.*, 495 F. Supp. 2d 362, 368 (S.D.N.Y. 2007) (finding the "only reasonable reading" of the policy's earth movement exclusion was that it barred coverage for "earth movement" that was "caused by water leaking from a broken pipe").

And, most recently, Chief Judge Brimmer granted complete summary judgment on similar claims of breach of contract and bad faith based on identical policy exclusions for notably similar damages to a home caused by soil movement following a burst pipe and flooding. *Armstrong v. State Farm Fire & Cas. Co.*, 22-CV-02906-PAB-MDB, 2024 WL 1195325 (D. Colo. Mar. 20, 2024).

The material facts and policy language are the same as in *Wagner, Arkansas Valley Drilling, Miller, Naabani Twin Stars, Davis-Travis, Bongen, Alf, Village Inn, Boteler, Chase, Alamia*, and *Armstrong*, and the result here should be the same. Like in those cases, here, Plaintiff claims that she needs soil stabilization and foundation repairs following flooding in her crawlspace (Facts ¶7; ECF No. 19 ¶ 15, 18.)  Envista Forensics determined that both long-term soil moisture fluctuations and the recent pipe freeze caused non-uniform movement of the soils, which caused the drywall cracks and separation throughout the interior of the property and the differentia foundation movement. (Facts ¶ 14-15.) In other words, all damages related to soil stabilization and foundation repairs are due to earth movement.

Like the insurance policies in *Wagner, Arkansas Valley Drilling, Naabani*, and the cases cited above, State Farm's Policy here contains an earth movement exclusion that

11

excludes "any loss" from "earth movement, meaning the sinking rising, shifting, expanding, or contracting of earth, all regardless of whether combined with water," and "regardless of" the "cause of the excluded event," "other causes of the loss," or "whether other causes acted concurrently or in any sequence with the excluded event to produce the loss." (Facts ¶ 4.) Further, under the settling exclusion, the Policy excludes "any loss" that "consists of, or is directly and immediately caused by," "settling, cracking, shrinking, bulging, or expansion of . . . foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings[.]" (Facts ¶ 3.) Under the same exclusion, the Policy excludes "any loss" that "consists of, or is directly and immediately caused by" the "weight of water . . . to a . . . foundation (including slabs, basement walls, crawl space walls, and footings)." (Facts ¶ 3.) Accordingly, like in all the cases cited above and under the plain language of the Policy, all of Plaintiff's claimed damage falls squarely under these two exclusions.

State Farm anticipates Plaintiff will claim that the exclusions do not apply because the foundation movement was allegedly caused by the broken pipe and water leak. Putting aside whether there is any factual basis for that claim, under the cases discussed above, it is irrelevant whether Plaintiff's alleged damage was caused by the water leak because the damage is excluded, regardless of "whether combined with water," regardless of the "cause of the excluded event," regardless of "other causes of the loss," and regardless of "whether other causes acted concurrently or in any sequence with the excluded event to produce the loss." (Facts ¶¶ 3-4.)

This policy language is known as an "anti-concurrent causation clause" or ACC. *Northfield Ins. Co.*, 207 P.3d at 841. As the Colorado Court of Appeals has explained, an

"ACC 'denies coverage whenever an excluded peril and a covered peril combine to damage a dwelling or personal property.'" *Id*. (quoting *Leonard v. Nationwide Mut. Ins. Co.*, 499 F.3d 419, 425 (5th Cir. 2007)). An ACC, like the one in the Policy here, "unambiguously bars any recovery if an excluded cause contributed to the loss." *Id*. at 843. For these reasons, like in *Miller*, Plaintiff has conceded these dispositive facts in her pleadings and the Policy's earth movement exclusion precludes coverage "for claimed damages caused by shifting soil—even when water or plumbing leaks cause the shifting soil," like Plaintiff herself contends. (Facts ¶ 6.)

For these reasons, there is no coverage under the Policy for Plaintiff's Claim and State Farm is entitled to judgment as a matter of law on Plaintiff's breach of contract claims. (ECF No. 19 at 4-5.)

### b. PLAINTIFF FAILS TO PRESENT ANY EVIDENCE THAT SHE INCURRED COSTS WARRANTING ADDITIONAL PAYMENTS FOR ADDITIONAL LIVING EXPENSES

Plaintiff's Complaint baldly alleges that State Farm denied benefits owed for additional living expenses. (ECF No. 19 at 2-5). However, Plaintiff has produced no record evidence in the case at all establishing that she incurred any costs covered under the Policy triggering State Farm's duty to pay under the Policy. Nor has she produced any record evidence that a covered loss caused her house to be uninhabitable. Absent such evidence, Plaintiff has not proven and cannot prove that State Farm breached the contract with respect to her additional living expenses, and her claim fails as a matter of law.

### II. PLAINTIFF'S FAITH CLAIMS FAIL AS A MATTER OF LAW

Because Plaintiff's Claim is not covered under the Policy, State Farm is also entitled to judgment as a matter of law on Plaintiff's claims for common law bad faith and

13

statutory bad faith under C.R.S. §§ 10-3-1115 and -1116. ( *Id.* at 4–5.) It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flow from the denial of coverage. *See Markwest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co*., 558 F.3d 1184, 1192–93 (10th Cir. 2009); *Tynan's Nissan, Inc. v. Am. Hardware Mut. Ins. Co*., 917 P.2d 321, 326 (Colo. App. 1995); *Jarnagin v. Banker's Life and Cas. Co*., 824 P.2d 11, 15 (Colo. App. 1991). Because Plaintiff cannot prove she is entitled to benefits under the Policy, "the corresponding (and derivative) statutory and common law bad faith breach of insurance contract claims fail as well." *Praetorian Ins. Co. v. Axia Contracting, LLC,* No. 17-cv-2034-WJM-KLM, 2019 WL 1002939, at *6 (D. Colo. Mar. 1, 2019), *reversed and remanded on other grounds*, 794 Fed. App'x 791 (10th Cir. 2019). By statute, the existence of a "covered benefit" is a prerequisite to a claim for unreasonable delay or denial. C.R.S. § 10-3-1116(1). And, with respect to her common law bad faith claim, Plaintiff alleges no compensable claim for damages apart from the insurance benefit, to which she is not entitled. *See Seehafer v. Depositers Ins. Co*., No. 19-cv-01461-REB-KMT, 2020 WL 1627092, at *1 (D. Colo. Feb. 28, 2020).

Plaintiff's bad faith claims fail for a second reason as well: State Farm was reasonable as a matter of law. In *Wagner*, the policyholder argued that "regardless of whether her claim is covered by the policy, [her insurer] remains liable for its unreasonable delay and denial of her claims in violation of Colo. Rev. Stat. §§ 10-3-1115, 1116 and common law." 569 F. App'x 574, 579 (10th Cir. 2014). The Tenth Circuit disagreed, finding that the bad faith claims "nonetheless fail based on the element of reasonableness." *Id.* There, the policyholder claimed that the insurer "failed to investigate her claim in good

14

faith, failed to explain the basis for its denial, and improperly denied coverage of her claim." *Id.* But the appellate court had "already determined" that the claim was properly denied, that American Family had inspected the property, and issued a denial letter "citing several policy exclusions[.]" *Id.* The appellate court found "nothing unreasonable about American Family's denial of her claim because it had a reasonable basis for its action." *Id.*

The operative facts are the same here as in *Wagner* and the result should be the same. Here, Plaintiff similar bald accusations about State Farm's investigation and evalution of the claim. (ECF No. 19 at 5-6.) But here, State Farm retained an engineer to inspect the Property, reviewed and analyzed Plaintiff's engineer's findings, and issued a denial letter citing the policy exclusions which were directly on point. Like in *Wagner*, there is nothing unreasonable about State Farm's denial of Plaintiff's claim because it had a reasonable basis for its action. Indeed, State Farm cannot be unreasonable, as a matter of law, in relying on the plain language of its Policy. Accordingly, summary judgment should enter in State Farm's favor on Plaintiff's bad faith claims as well.

### CONCLUSION

For these reasons, the Court should grant State Farm's motion for complete summary judgment and deny Plaintiff's requests for relief.

DATED this 3rd day of March, 2026.

Respectfully submitted,

**PATTERSON RIPPLINGER, P.C.**

*s/Hillary D. Patterson*

15

Hillary D. Patterson
*Attorneys for Defendant*
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Telephone: (303) 741-4539
Email: hpatterson@prpclegal.com

## CERTIFICATION REGARDING ARTIFICIAL INTELLIGENCE

___X___    The undersigned counsel certifies/certify that generative artificial intelligence was not used to draft this filing.

_____    The undersigned counsel certifies/certify that generative artificial intelligence—specifically, _____—was used to draft this filing. I/we further certify that _____ was/were advised of and consented to such use. All cited authority was manually reviewed by counsel of record.

Respectfully submitted,

**PATTERSON RIPPLINGER, P.C.**

*s/Hillary D. Patterson*
Hillary D. Patterson
*Attorneys for Defendant*
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Telephone: (303) 741-4539
Email: hpatterson@prpclegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2026, a true and correct copy of the above and foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT ON ALL CLAIMS** was served upon the following via CM/ECF:

Jaynie R. Kuberry, No. 41511
Sandomire & Kuberry, PLLC
561 Santa Fe Drive
Denver, CO 80204
Telephone: 303-300-3333
jaynie@303legal.com

Torrey Livenick, No. 52787
Livenick Law, LLC
730 17th Street, Ste. 900
Denver, CO 80202
Telephone: 720-295-8616
torrey@livenicklaw.com
torrey@303legal.com
(*Attorneys for Plaintiffs*)

s/Hillary D. Patterson
Hillary D. Patterson
Email: hpatterson@prpclegal.com